IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| BANC OF AMERICA LEASING & CAPITAL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RUS-AL (USA), INC. and RAMIN KAMALOV <br><br> Defendants. | CIVIL ACTION NO. <br> _____ |

## COMPLAINT

COMES NOW Plaintiff Banc of America Leasing & Capital, LLC ("**Plaintiff**") and hereby files this Complaint against Defendants Rus-AL (USA), Inc. ("**Rus-AL**") and Ramin Kamalov ("**Kamalov**"). In support of this Complaint, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff seeks a judgment against Defendants, jointly and severally, in the total amount of $121,276.00, plus additional accrued interest, arising from Defendants' breach of their obligations to repay a defaulted commercial loan.

44995301 v1

## PARTIES AND JURISDICTION

2.  Plaintiff is a Delaware limited liability company and wholly owned subsidiary of Bank of America, National Association, its sole member. Bank of America, National Association, is a national banking association organized under the National Bank Act, 28 U.S.C. § 1348, with its main office, as designated in its articles of association, located in North Carolina. Plaintiff is therefore deemed a citizen solely of North Carolina for purposes of diversity subject matter jurisdiction. Plaintiff is registered to do business in the State of Georgia and is therefore authorized to bring this action.

3.  Defendant Rus-AL is a Georgia corporation with its principal place of business and registered address located at 4730 Stonehaven View, Cumming, Forsyth County, Georgia 30040. It is thus deemed to be a citizen of the State of Georgia for purposes of diversity jurisdiction. Rus-AL may be served by delivery of a summons and complaint to its registered agent, Ramin Kamalov, at its principal place of business, or by any other means provided by law.

4.  Ramin Kamalov is domiciled in the State of Georgia and thus deemed a citizen of Georgia. He is the CEO and registered agent for Rus-AL (USA), Inc. and the personal guarantor of the Agreement between VFS and Rus-AL. He may be

served with process at his residence located at 4730 Stonehaven View, Cumming, Forsyth County, Georgia 30040, or by any other means allowed by law.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), (2), and (d). A substantial part of the events or omissions giving rise to the claim occurred in this district, and Kamalov is domiciled in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff is a provider of financial services, including commercial and personal loans.

8. Rus-AL is a licensed and bonded freight shipping and trucking company running a freight hauling business.

9. On or about April 8, 2019, Rus-AL entered into a Credit Sales Contract (Security Agreement) (the "Agreement") with Nacarato Trucks General Partnership ("Nacarato") for the purchase and financing of two 2020 Volvo VNL64T760 trucks, collectively known as the "Equipment". A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein.

10. The Agreement expressly provides that it will be immediately assigned upon execution to VFS US LLC ("VFS"), a division of Volvo Financial Services.

11. Through an Assignment (Credit Sales Contract) dated April 8, 2019 (the "Assignment"), the Agreement and related guaranty were assigned by Nacarato to VFS. A true and correct copy of the Assignment is attached hereto as Exhibit "B".

12. The Agreement provides, in pertinent part, for the following:

- Rus-AL shall pay to Nacarato or its assignee the amount of $383,095.44, inclusive of principal and finance charges (the "Total Obligation"), in 72 monthly installments of $5,320.77 beginning on May 23, 2019;

- Rus-AL granted a security interest in the Equipment to Nacarato or its assignees to secure the obligations owed under the Agreement;

- A failure by Rus-AL to make any payment in full when due constitutes an Event of Default;

- Upon a default, any and all indebtedness owed under the Agreement shall be immediately due and payable;

- Upon a default, Rus-AL shall be obligated to pay Nacarato or its assignee all costs and expenses, including attorneys' fees, incurred in

connection with the enforcement of its rights and remedies under this Agreement;

- The Agreement is to be governed under North Carolina law.

13. As an inducement for the Agreement, Defendant Kamalov executed a Continuing Guaranty dated April 8, 2019 (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit "C" and incorporated herein.

14. The Guaranty provides, *inter alia*, that Kamalov "absolutely, unconditionally and irrevocably guarantees to [Nacarato or its assignee] the full, prompt, and complete payment and performance of all obligations of all sums, moneys, notes, loans, indebtedness, leases, or lease payments that shall at any time be due and payable to [Nacarato or its assignee] from [Rus-AL]."

15. Pursuant to the terms of a Master Assignment Agreement dated June 28, 2011 and the subsequent Specification of Assigned Interest dated June 27, 2019, VFS assigned to Plaintiff all of VFS's rights and benefits under the Agreement between Nacarato and RUS-AL and the Guaranty. A true and correct copy of the Specification of Assigned Interest is attached as Exhibit "D" and incorporated herein.

16. A notice of Plaintiff's assigned interest in the Agreement was sent to Rus-AL on or about May 6, 2020. A true and correct copy of the Notice of Assignment is attached as Exhibit "E" and incorporated herein.

17. Rus-AL made the first five payments owed under the Agreement, but Rus-AL failed to make the payment due on October 25, 2019, and has failed to make any further of the required monthly payments due thereafter.

18. Rus-AL's failure to pay constitutes an "Event of Default" under the Agreement.

19. On or about June 9, 2020, Plaintiff exercised one of its prescribed remedies under the Agreement by repossessing and selling the Equipment for $202,673.00, which was applied to the balance owed to Plaintiff under the Agreement.

20. On October 15, 2020, Plaintiff's counsel sent Defendants a letter demanding that they pay the balance then owed under the Agreement totaling $115,281.35, plus default interest after the date of the letter at the per diem rate of $53.05.

21. Despite demand, Defendants have not paid the amounts owing under the Agreement.

22. As of the date of this Complaint, the total balance owed under the Agreement is $121,276.00. Interest continues to accrue at the per diem rate of $53.05.

23. Plaintiff and its assignors have fully performed under the Agreement and Guaranty and satisfied all conditions precedent to payment thereunder.

24. As of the date of this filing, the Defense Manpower Data Center ("DMDC") Active Military Service Database Website showed that Defendant Ramin Kamalov is not in active military service. A true and correct copy of the Declaration of Kevin Stone verifying the search of the DMDC is attached hereto as Exhibit "F" and incorporated herein.

## COUNT I
## BREACH OF CONTRACT (against Rus-AL)

25. Plaintiff incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

26. The Agreement is an enforceable contract between Plaintiff and Rus-AL.

27. Rus-AL has breached the Agreement by failing to pay the amounts owed thereunder, despite demand.

28. Plaintiff has been damaged by Rus-AL's breach of the Agreement in the amount of $121,276.00, plus interest in the amount of $53.05 per diem from the

date of this Complaint through and including the date of judgment, and Plaintiff is entitled to judgment against Defendant Rus-AL in that amount.

## COUNT II
### BREACH OF CONTRACT (against Kamlov)

29. Plaintiff incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

30. The Guaranty is an enforceable contract between Plaintiff and Kamalov.

31. Kamalov has breached his obligations to Plaintiff under the Guaranty by failing to pay, despite demand, all the amounts owed by Rus-AL under the Agreement.

32. Plaintiff has been damaged by Defendant Kamalov's breach of the Guaranty in the amount of $121,276.00, plus interest of $53.05 per diem from the date of this Complaint through and including the date of judgment, and Plaintiff is entitled to judgment against Kamalov, jointly and severally with Defendant Rus-AL, in that amount.

## COUNT III
### ATTORNEY'S FEES
### (against all Defendants)

33. Plaintiff incorporates by reference the preceding allegations of the Complaint as if fully set forth herein.

34. Rus-AL obligated itself in the Agreement to pay Plaintiff's costs and expenses incurred "in any way arising out of the protection, assertion, or enforcement of this Contract."

35. Rus-Al's obligation to pay attorney's fees is an indebtedness guaranteed by Kamalov under the Guaranty.

36. Defendants have already been notified and are hereby notified again pursuant to N.C.G.S. § 6-21.6 that the provisions in the Agreement and Guaranty relative to payment of attorney's fees in addition to the principal and interest shall be enforced.

37. Defendants are therefore liable, jointly and severally, for Plaintiff's expenses of litigation, including reasonable attorney's fees, incurred in connection with this litigation and the enforcement of the Agreement and Guaranty.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) that Defendants be served with process in this action in accordance with applicable law;

(b) that Plaintiff recover a judgment for money damages against Defendants, jointly and severally, in the amount of **$121,276.00** plus interest in the amount of $53.05 per day from the date of this Complaint through the date of judgment;

(c) that Plaintiff recover its attorney's fees and expenses from Defendants, jointly and severally, incurred in connection with this action and the enforcement of the Agreement and the Guaranty.

(d) that Plaintiff have such other and further relief as this Court deems just and equitable under the circumstances.

Respectfully submitted this 5th day of February 2021.

/s/ William C. Collins, Jr.
William C. Collins, Jr.
Georgia Bar No. 178847
wcollins@burr.com
Kevin R. Stone
Georgia Bar No. 830640
kstone@burr.com

*Attorneys for Plaintiff Banc of America Leasing & Capital, LLC*

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244